UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE LYNN POTTER,<br>　　Plaintiff,<br>　v.<br>CAROLYN W. COLVIN,<br>　　Defendant. | Case No. 14-cv-02562-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. No. 22 |

Plaintiff Melanie Potter seeks social security disability benefits for a combination of physical and mental impairments, including: affective, anxiety, personality, and somatoform disorders; degenerative disc disease; knee pain; myofascial pain syndrome; headaches; and fibromyalgia. (AR 172.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the Commissioner of Social Security's final decision denying her benefits claim. On April 29, 2015, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded for an award of benefits. (Dkt. No. 19 ("Order").)[1] The Commissioner now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 22.) Having considered the parties' briefs and the relevant legal authority the Court DENIES the motion.

## LEGAL STANDARD

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in

---

[1] *See Potter v. Colvin*, No. 3-14-CV-02562-JSC, 2015 WL 1966715 (N.D. Cal. Apr. 29, 2015).

granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. Id.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir.2 011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Commissioner's Motion focuses on the first and third grounds for relief, arguing that amendment of the judgment is warranted to "correct manifest errors of law or fact upon which the judgment rests" and to "prevent manifest injustice."

## DISCUSSION

The Commissioner argues that the Court's decision was in error in three primary regards: (1) finding that the ALJ erred with respect to weighing the medical evidence, (2) determining that the ALJ's adverse credibility finding was not supported by substantial evidence, and (3) remanding for an award of benefits. Each of these arguments fail.

### A.     The ALJ Erred in Weighing the Medical Evidence

The Commissioner contends that the Court erred in concluding that the ALJ erred in her weighing of the medical evidence from Plaintiff's treating physicians Dr. Townsend and Dr. Wilson, and examining psychologist Dr. Cain. The Court concluded that the ALJ made three errors regarding Plaintiff's medical evidence. First, she failed to provide clear and convincing reasons to discount Dr. Townsend's opinion on Plaintiff's psychological limitations. Second, she did not provide specific and legitimate reasons to discount Dr. Wilson's opinion about Plaintiff's physical limitations. Third, while the ALJ gave appropriate consideration to Dr. Cain's first opinion about Plaintiff's psychological abilities, she gave no substantive basis to ignore Dr. Cain's second opinion. (Order at 31.)[2]

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the

### 1) Dr. Townsend

The Commissioner first takes issue with the Court's conclusion that the ALJ failed to provide clear and convincing reasons to discount Dr. Townsend's opinion on Plaintiff's psychological limitations arguing that the Court applied the wrong standard. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In contrast, if a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence. *Id*. Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

The ALJ here gave "[p]artial weight" to Dr. Townsend's opinion because: (1) the record as a whole did not support Dr. Townsend's findings that Plaintiff had any "extreme limitations," and (2) Dr. Townsend relied too heavily on Plaintiff's self-reported symptoms. (AR 31.) With respect to the first point, the Court noted that the record was replete with numerous medical evaluations consistent with Dr. Townsend's conclusion that Plaintiff had extreme limitations in maintaining attention, concentration, regular attendance, or a normal workday or workweek, and cited examples from four different physicians which were consistent with these findings. (Order at 23.) In particular, these limitations are consistent with Dr. Cain's opinion that "claimant has significant personality disorder, depression, and anxiety. It will be difficult for her to interact with coworkers supervisors, and the general public. The claimant will have difficulty with attendance secondary to her emphasis on pain." (*Compare* AR 748 *with* AR 940 (Dr. Townsend: Plaintiff was severely limited in the ability to maintain attention and concentration for prolonged periods of time and in her ability to complete a normal workday and workweek without interruptions).) Further, as the Court previously noted, Dr. Zukowsky found that Plaintiff was moderately limited in her

---

ECF-generated page numbers at the top of the documents.

concentration.  (Order at 23 citing AR 760.)   Dr. Jacobs' likewise concluded that Plaintiff was moderately limited in her concentration and her ability to complete a normal workday and workweek.  (AR 86.)  Thus, the Commissioner's post-hoc suggestion that although the ALJ did not cite any particular conflicting opinion, the opinions of Drs. Cain, Zukowsky, and Jacobs in fact contradicted Dr. Townsend's conclusion, is belied by the record.

Even if the gradations in the severity of the limitations espoused by the various physicians were enough to "contradict" Dr. Townsend's opinions—which the Court does not believe that it is—the ALJ's conclusory statement would likewise fail under the "specific and legitimate reasons that are supported by substantial evidence" standard.  *Ryan*, 528 F.3d at 1198.  The ALJ's unsupported statement that "the record as a whole did not support Dr. Townsend's findings that Plaintiff had "extreme limitations" (AR 31) does not "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] h[er] interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The Commissioner's argument that Court also erred in concluding that the ALJ improperly disregarded Dr. Townsend's opinion as overly relying on Plaintiff's subjective reports of pain is likewise unavailing.  As the Court noted in its Order, the Ninth Circuit recently reiterated that ALJs may not reject medical opinions simply because they are based on a patient's subjective complaints: "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.2d 1155, 1162 (9th Cir. 2014) (internal citation omitted).  Here, there was no indication in the record that Dr. Townsend relied more on Plaintiff's complaints than her own clinical observations.  The Commissioner's arguments to the contrary could have been raised previously and thus are not the proper subject of a Rule 59(e) motion. [3]

**2)  Dr. Wilson & Dr. Cain**

The Commissioner also quibbles with various aspects of the Court's findings with respect

---

[3] The Court declines to address the Commissioner's argument regarding *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), as the issue of acceptable treating source was not raised by the ALJ's decision or this Court's Order.

to the other two physicians, Dr. Wilson and Dr. Cain.  The Court previously concluded that the ALJ did not provide specific and legitimate reasons to discount Dr. Wilson's opinion about Plaintiff's physical limitations and she gave no substantive basis to ignore Dr. Cain's second opinion after giving great weight to her first opinion.  The Court has reviewed each of the grounds the Commissioner raises and finds them all without merit.

With respect to Dr. Wilson, the Commissioner argues two instances of error based on mischaracterizations of the language of the Court's Order.  Contrary to the Commissioner's argument, the Court did not state that the ALJ's conclusion that Plaintiff had the medical conditions severe obesity, degenerative disc disease, myofascial pain syndrome, and fibromyalgia sufficed to support Dr. Wilson's opinion regarding the extent of Plaintiff's limitations.  Rather, the Court stated "that there are numerous medical records and opinions that support the conclusion that Plaintiff has severe limitations and is incapable of sedentary work; the ALJ herself found that Plaintiff had, among other illnesses, severe obesity, degenerative disc disease, myofascial pain syndrome, and fibromyalgia."  (Order at 26 citing AR 22.)

The Commissioner also mischaracterizes the Court's statements regarding the ALJ's failure to offer specific and legitimate reasons to support her rejection of Dr. Wilson's opinions regarding Plaintiff's severe manipulative limitations.  Finally, the Commissioner's arguments regarding the propriety of the ALJ's conclusion that Dr. Wilson's opinion was conclusory as the opinion was expressed on a check-box form ignores that "[t]he Ninth Circuit has held that check-box forms that are based on significant experience with the claimant and supported by numerous records are 'entitled to weight that an otherwise unsupported and unexplained check-box form would not merit.'"  *Long v. Colvin*, No. 13-CV-05716-SI, 2015 WL 971198, at *6 (N.D. Cal. Mar. 3, 2015) (citing to *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir.2014)).  As the Court noted, the record shows that Dr. Wilson (and/or Ms. Sonderer) had been treating Plaintiff for months prior to completing her disability form. (Order at 27; *see also* AR 835-852.)   Even if the treatment was provided by Nurse Sonderer rather than Dr. Wilson, "as a nurse practitioner, [Nurse Sonderer] qualified as "an other source[ ]" that can provide evidence about the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." *Garrison*, 759 F.3d at 1013-14 (quoting 20 C.F.R. § 404.1513(d).)  The ALJ thus erred in disregarding the check-box

5

form outright without considering that it was supported by Dr. Wilson (and/or Ms. Sonderer)'s treatment records and experience with Plaintiff.

The Commissioner's arguments with respect to Dr. Cain simply rehash arguments were made or could have been made in the Commissioner's response to Plaintiff's motion for summary judgment. A Rule 59(e) motion cannot be used to relitigate matters or raise new arguments that could have been previously presented prior to the entry of judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

## B.     The ALJ's Adverse Credibility Finding was in Error

The Court found that the ALJ erred in rejecting Plaintiff's pain testimony because she failed to set forth specific, clear and convincing reasons for rejecting Plaintiff's subjective testimony. (Order at 32 citing *Lingenfelter v. Astrue*, 504 v. F.3d 1028, 1036 (9th Cir. 2007).) In particular, the Court found that the ALJ did not offer clear and convincing evidence in support of her conclusion that: (1) the lack of support in the record for Plaintiff's claims of medication side effects including dizziness, drowsiness, and difficulty concentrating justified discounting Plaintiff's pain testimony, (2) Plaintiff was "exceptionally focused on obtaining disability benefits", (3) Plaintiff exaggerated her symptoms, and (4) there was evidence of drug-seeking behavior. (Order at 32-35.) The Commissioner's arguments of error either could have been made or were made in opposing Plaintiff's motion for summary judgment and thus are not the proper subject of a Rule 59(e) motion with one exception noted below. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5.

In concluding that the "ALJ failed to use specific facts to support her conclusion that Plaintiff is not credible due to her drug-seeking behavior, or adequately analyze conflicting evidence" (Order at 35), the Court observed that "the ALJ merely wrote a single line that Plaintiff exhibited drug-seeking behavior. (AR 29.) She did not cite to specific examples of such behavior, or analyze how it demonstrates that Plaintiff is in any less pain than she claims to be." (Order at 35.) As the Commissioner points out, the ALJ actually did cite to three examples of alleged drug seeking behavior, *see* AR 31, although none were discussed. The Court's statement then is only partially correct; however, any error does not change the result as the ALJ's record citations

support neither the ALJ's conclusion nor the Commissioner's post-hoc rationalization.  First, Dr. Boorstein's treatment notes at AR 346 (cited by the ALJ as Exhibit 2F at 22) do not, as the Commissioner represents, "document Dr. Boorstein's belief that Plaintiff should not be taking habit forming medication" (Dtk. No. 22 at 14), but instead, conclude that "I will not fill her meds. I do not feel soma is appropriate."  Likewise, the emergency room notes at AR 385-386 (cited by the ALJ at Exhibit 5F at 4) indicate that "she has not received an excessive number of prescriptions" and was seeking a refill of her pain medication to carry her through the 10 days until she could get an appointment with her primary care facility.  (AR 386.)  Finally, the note from Dr. Pope at AR 788 (cited as Exhibit 17F at 3) simply states that he will no longer be able to provide pain management services for Plaintiff.  Thus, the Court should have stated that the ALJ did not cite to any *relevant* examples of such behavior or explain how it demonstrates that Plaintiff is in any less pain that she claims.

## C.     The Scope of Remand

The Commissioner argues at length that the Court erred in remanding for an award of benefits rather than further proceedings to correct the identified errors.   In particular, the Commissioner urges that that Court erred by not applying the credit as true rule as set forth in the Ninth Circuit's decision in *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014), and instead following the rule as set forth in the Ninth Circuit's decision from four months previously in *Garrison*, 759 F.3d at 1019.   There is a tension between the Ninth Circuit's application of the credit as true rule in *Treichler* and that in *Garrison*.  In *Treicher*, the Court stated that district courts must determine "whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law. *Treichler*, 775 F.3d at 1105 (citing *Garrison*, 759 F.3d at 1020; *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)).  In *Garrison*, the Court stated that courts should "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Under either approach, however, there are no outstanding issues to be determined and

remand for an award of benefits is appropriate. The finding of disability here was not based on Plaintiff's testimony alone, but rather, upon a proper determination of her RFC based on her cumulative medical impairments, and the Vocational Expert's ("VE") testimony that a person with Plaintiff's limitations could not perform any work in the national economy. The Ninth Circuit has consistently remanded for an award of benefits in cases where the VE was posed a hypothetical that included the RFC that the plaintiff would possess if the improperly discredited opinions or testimony were taken as true. *See, e.g.*, *Garrison*, 759 F.3d at 1022; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1401.

Here, Dr. Townsend concluded that Plaintiff had extreme limitations in maintaining attention and concentration, maintaining regular attendance, and completing a normal workday or week. Dr. Cain likewise concluded that Plaintiff would have difficulty with attendance. Dr. Wilson concluded that Plaintiff had a number of severe limitations and was not capable of performing sedentary work and opined that Plaintiff would need to lie down for four hours every day. According to the VE an individual with these limitations—the need to miss three days of work per month due to her impairments and lie down for four hours a day—could not find and/or maintain gainful employment in the national economy. There are thus "no outstanding issues that must be resolved before a determination of disability can be made," such that the Court has "discretion to credit [the] claimant's testimony as true and remand for benefits," because "it is clear from the record that the ALJ would be required to find [the claimant] disabled were such evidence credited." *Treichler*, 775 F.3d at 1106 (internal citation and quotation marks omitted).

Further, the record here leaves no serious doubt that Plaintiff is disabled. In addition to all the other evidence cited in this and the Court's prior Order, it is worth noting that Plaintiff's youngest child was removed from her care because she was too disabled to care for him (AR 58), and prior to losing her job at Kaiser in 2010, Plaintiff was being accommodated by having three to four days off per month (AR 59-60)—an accommodation the Vocational Expert testified would make it very difficult for Plaintiff to keep and maintain a job. (AR 72.) The record thus does not create "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the

8

Social Security Act." *Garrison*, 759 F.3d at 1020.

As a final matter, the Court notes that as with nearly all of the Commissioner's arguments, the arguments she raises regarding the propriety of remand given the outstanding issues to be decided could have been raised in her cross-motion for summary judgment. Instead, the Commissioner opted not to address the scope of Plaintiff's request for remand for benefits and instead noted only in a footnote that if the Court found reversible error it should remand for further proceedings.

## CONCLUSION

As the Commissioner has failed to demonstrate that amendment of the judgment is necessary to "correct manifest errors of law or fact upon which the judgment rests" or to "prevent manifest injustice," her motion is DENIED.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: June 30, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge