UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE LYNN POTTER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 14-cv-02562-JSC<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER EAJA**<br><br>Re: Dkt. No. 27 |

In this Social Security case, Plaintiff Melanie Lynn Potter seeks attorneys' fees under the Equal Access to Justice Act ("EAJA") following this Court's remand of her supplemental security income ("SSI") case for an award of benefits. (Dkt. No. 27.) Because the Social Security Commissioner does not contest the substantial justification of the original action, and the fees sought by Plaintiff are reasonable, Plaintiff's motion is GRANTED, as explained below.

## BACKGROUND

This case stems from Plaintiff's appeal of the Social Security Administration's denial of her application for disability benefits for a combination of physical and mental impairments, including: affective, anxiety, personality, and somatoform disorders; degenerative disc disease; knee pain; myofascial pain syndrome; headaches; and fibromyalgia. On April 29, 2015, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded for an award of benefits concluding that the Administrative Law Judge ("ALJ") committed legal error by improperly discounting Plaintiff's testimony and the opinions of her doctors. (Dkt. No. 19.) The Commissioner thereafter filed a motion to alter or

amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the Court denied. (Dkt. Nos. 22 & 26.) Plaintiff then filed her motion for EAJA fees in the amount of $17,239.94 for time spent appealing the ALJ's decision. (Dkt. No. 27.) In her reply brief, Plaintiff requested an additional $569.04 in additional fees for litigating the current motion. (Dkt. No. 30.)

**LEGAL STANDARD**

A court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has defined "substantially justified" as "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The applicant must exercise "billing judgment," i.e., the fees must be for services for which a private client would pay. *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112. An applicant may be awarded fees for hours spent litigating an EAJA fee award. *INS v. Jean*, 496 U.S. 154, 162 (1990).

**DISCUSSION**

Plaintiff moves for a total fee award of $17,808.98. (Dtk. No. 30.) The Commissioner does not contend that its position here was substantially justified. Plaintiff is therefore entitled to an award as a prevailing party under 28 U.S.C. § 2412(d). *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified."). The only dispute between the parties is whether the number of hours expended on the appeal was reasonable.

**A. The Fees Sought are Reasonable**

In establishing the reasonableness of fees and expenses under EAJA, it is Plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431.

Plaintiff has submitted declarations from the two attorneys who worked on her case: David Linden, her counsel of record who billed 3.55 hours of time on this matter, and Ralph Wilborn, a contract attorney hired by Mr. Linden who billed 87.25 hours of time (plus an additional 3 hours for preparation of the reply on the underlying motion for fees). (Dkt. Nos. 27-1, 27-1, 30-1.) There is no dispute as to the hourly rate for either Mr. Linden or Mr. Wilborn. Rather, the sole dispute is the amount of time billed. In particular, the Commissioner argues that the fees are not reasonable because (1) they are the result of impermissible block billing, and (2) the overall amount billed is excessive. The Commissioner contends that Plaintiff is entitled to no more than $10,000 in fees which would represent approximately 52 hours of attorney time. For the reasons discussed below, the Court concludes that Plaintiff is entitled to the full amount of fees and costs requested.

**1. Block Billing**

The Commissioner objects to eight of Mr. Wilborn's time entries as inadequately documented. "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. 08-340, 2011 WL 2413996, at *5 (D. Or. June 8, 2011). The eight time entries at issue range from eight hours on November 18, 2014 for "Draft the statement of facts. Partially research and draft Plaintiff's Motion and Memorandum in support of Motion for Summary Judgment," and another eight hours on December 19, 2014 for "Review the administrative record. Research and draft Plaintiff's reply brief" to three entries for eight hours each on June 8, 9, and 10, 2015 for "partially research and draft Argument A." (Dkt. No. 27-1 at 2.) While Mr. Wilborn could have

been more specific with respect to the latter billing entries, plaintiff's counsel "is not required to record in great detail how each minute of his time was expended."  *Hensley*, 461 U.S. at 437 n.12. "[P]laintiff's counsel can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures."  *Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1121 (9th Cir. 2000) (internal citations and quotations marked omitted).  Notably, Mr. Wilborn's reference to "argument A" referred to section A of Plaintiff's opposition brief to the motion to alter judgment which dealt with application of the credit-as-true rule which "Defendant concedes [] presumably required substantial legal research."  (Dkt. No. 29 at 4:21.)  In any event, the billing descriptions have not hampered this Court's ability to evaluate the reasonableness of the hours billed, as is described below.  The Court thus declines to reduce the hours sought for block billing.

### 2. Amount of Fees Sought

The Commissioner also contends that the overall time spent on briefing was excessive.  To this end, the Commissioner points to the 30 hours Mr. Wilborn spent analyzing the administrative record, and researching and preparing the motion for summary judgment and the 11 hours spent analyzing the government's opposition brief, and researching and drafting the reply brief.  The Commissioner argues that social security cases are typically litigated in 15-30 hours and thus proposes that Plaintiff's fee award be adjusted down to compensate counsel for approximately 52 hours of attorney work.  There are numerous problems with the Commissioner's position.

First, courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases.  *See Costa v. Comm'r of Soc. Sec. Admin*., 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court.").  Although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction of fees greater than 10 percent requires clear, specific, and persuasive reasons from opposing counsel. *Moreno*, 534 F.3d at 1112, 1116 (allowing no more than a 10–percent "haircut" at the court's discretion).  The Commissioner's proposal here would result in a more than 50 percent reduction

in the amount of fees and the amount of hours for which counsel is compensated. This is a clear contravention of Ninth Circuit precedent: "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind. Instead, district courts must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment." *Costa*, 690 F.3d at 1136.

Second, social security cases are not "routine"; rather, they "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Id*. at 1134 n.1. The administrative record in this case was nearly 1,000 pages, including numerous medical records detailing Plaintiff's multiple physical and mental health conditions, as well as reports from six different physicians regarding her physical and mental health issues. That Plaintiff's counsel spent 30 hours reviewing this record, researching the legal issues, and drafting the motion for summary judgment is not unreasonable given the voluminous medical record and the need to address the ALJ's weighing of the medical evidence with respect to the findings of six different physicians. *See, e.g.*, *Yesipovich v. Colvin*, No. 15-00112 WHA, 2015 WL 5675869, at *7 (N.D. Cal. Sept. 28, 2015) (concluding that 49.67 hours were compensable given that the case was highly fact intensive, involved many administrative proceedings, and a voluminous administrative record); *Stevenson v. Astrue*, No. 10-04837 LB, 2012 WL 5412704, at *6 (N.D. Cal. Nov. 6, 2012) (rejecting argument that 59.3 hours was excessive because "[e]ach case has its own unique facts, which must be stated clearly and concisely, and each brief must contain arguments set forth in a coherent and persuasive way."). The same is true for the 11 hours spent on the reply brief.

Finally, the Commissioner's opposition largely ignores that over half of the time billed here—44.25 hours—was spent responding to the Commissioner's motion to alter judgment. A motion which the Court not only denied, but in doing so, specifically noted that the motion raised numerous new arguments which the Commissioner failed to raise in her initial motion for summary judgment, including a lengthy discussion of the propriety of remand for an award of benefits which the Commissioner had previously only addressed in a footnote. (Dkt. No. 26 at 9.)

1  Thus, that the amount of fees sought here is so high is at least partially the Commissioner's own
2  doing—she could have raised the arguments in her initial motion for summary judgment and thus
3  alleviated the need for a whole new round of briefing on the merits of Plaintiff's case.[1]  Indeed, the
4  amount of hours expended would be well within the amount the Commissioner now suggests is
5  reasonable, but for the motion to alter judgment.  (*Compare* Dkt. No. 27-1 at 2 (billing 41.75
6  hours through briefing on the cross-motions for summary judgment) *with* Dkt. No. 29 at 8 (stating
7  that approximately 52 hours would be reasonable). ).

### 3. Plaintiff is entitled to Fees for Preparing the Reply Brief

Under EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the EAJA fee award.  *Jean*, 496 U.S. at 161; *see also Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991).  Plaintiff's request for $569.04 for three additional hours of work preparing the underlying reply brief is reasonable. *See, e.g.*, *Lauser v. Colvin*, No. 13-05990-MEJ, 2015 WL 1884330, at *5 (N.D. Cal. Apr. 23, 2015) (awarding $1,110.21 for fees for preparing of the reply brief); *Smith v. Astrue*, 2012 WL 3114595, at *5 (N.D. Cal. July 31, 2012) (granting a request for fees for 2.6 hours of work spent preparing the reply brief on the fees motion); *Alfaro v. Astrue*, No. 12–1999 EMC, 2013 WL 85347, at *2 (N.D. Cal. Jan. 7, 2013) (awarding $311 in fees for preparing the reply brief).

### B. The Fee Award Should be Paid Directly to Counsel

According to the EAJA, "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in a civil action (other than cases sounding in tort) ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney.  The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making

---

[1] Given that the Commissioner's motion to alter judgment was 60 percent longer than her initial motion for summary judgment, this suggests that she too likely spent considerable additional time on this second round of briefing.  (*Compare* Dkt. No. 22 *with* Dkt. No. 17.)

fee awards payable "to such attorney." *Id*. at 595 (citing 42 U.S.C. § 406(b)(1)(A)).  In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id*. at 595.

Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government.  *See Hampton v. Colvin*, No. 13-CV-04624-MEJ, 2015 WL 1884313, at *7 (N.D. Cal. Apr. 23, 2015); *Yesipovich v. Colvin*, No. 15-00112-WHA, 2015 WL 5675869, at *8 (N.D. Cal. Sept. 28, 2015); *Neilsen v. Colvin*, No. 13-173-NJV, 2014 WL 1921317, at *3 (N.D. Cal. May 13, 2014); *Lloyd v. Astrue*, No. 11-4902-EMC, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013); *Palomares v. Astrue*, No. 11-4515-EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012.  As Plaintiff assigned her EAJA fees to Mr. Linden (AR 97), Plaintiff's award, subject to any debt offset, shall be paid directly to Mr. Linden.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees pursuant to EAJA in the amount of $17,808.98 is GRANTED.  (Dkt. No. 27.)

**IT IS SO ORDERED.**

Dated:  November 23, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge